Filed 1/16/26  P. v. Gutierrez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F088923 |
| Plaintiff and Respondent, | (Super. Ct. No. CF96564900) |
| v. | |
| ROBERT GUTIERREZ, JR., | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Gary R. Orozco, Judge.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P. J., Peña, J. and Snauffer, J.

## INTRODUCTION

Appellant and defendant Robert Gutierrez, Jr. (appellant) was convicted after a jury trial of first degree residential burglary with three prior strike convictions, and sentenced to 17 years plus the third strike term of 25 years to life. In 2024, the trial court dismissed the two now-invalid prior prison term enhancements pursuant to Penal Code[1] section 1172.75, also dismissed the three prior serious felony conviction enhancements, and resentenced him to the third strike term of 25 years to life.

On appeal from the trial court's resentencing order, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant did not file a supplemental brief on his own behalf. We affirm.

## FACTS[2]

"During the morning of March 31, 1996, Eva [M.] and her husband were in their front yard when they saw [appellant], whom [Eva] had known for eight years, across the street pacing back and forth at the rear of an apartment complex.

"Later that afternoon, [Eva] was in her living room when she saw [appellant] walk up to a large window at the apartments, remove the screen and walk inside an apartment. [Eva] called her husband and told him that she had just seen 'Becky's son' go into the apartment. [Eva] and her husband looked out the window for approximately 20 minutes but did not see [appellant] come back out.

"Jack [Z.] returned home later that day to find the deadbolt to his apartment unlocked and his bathroom window broken. [Jack] also found his back window open and

---

**1**    All further statutory citations are to the Penal Code.

**2**    The following factual statement is from this court's nonpublished opinion that affirmed the judgment in appellant's direct appeal, which was cited without objection in the People's brief filed in the trial court prior to the section 1172.75 resentencing hearing.

the screen on the ground. Additionally, the inside of [Jack's] apartment had been torn apart and a handgun and tools were missing.

"When the police arrived on the scene, [Eva] walked over and told them that she had seen [appellant] go into [Jack's] apartment, and she gave them [appellant's] address. [Eva] unequivocally identified [appellant] in court as the man she saw enter the apartment." (*People v. Gutierrez* (Feb. 11, 1998, F027015) [nonpub. opn.].)

## PROCEDURAL BACKGROUND

On June 4, 1996, a consolidated information was filed in the Superior Court of Fresno County charging appellant with counts 1 and 2, burglaries of separate inhabited dwelling homes committed on, respectively, March 31, 1996, and May 14, 1995 (§ 459). It was further alleged appellant had three prior strike convictions (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(e)), three prior serious felony enhancements (§ 667, subd. (a)), and two prior prison term enhancements (§ 667.5, subd. (b)).

On August 30, 1996, after a jury trial, appellant was convicted of count 1, first degree residential burglary (§§ 459, 460) and found not guilty on count 2. The trial court found the prior conviction allegations were true.

On October 1, 1996, the trial court denied appellant's request to dismiss the prior strike convictions, and sentenced him to the third strike term of 25 years to life for count 1, plus 15 years for the three prior serious felony enhancements and two years for the prior prison term enhancements.

On February 11, 1998, the judgment was affirmed on direct appeal (*People v. Gutierrez*, *supra*, F027015).

On or about November 18, 2022, appellant filed a petition in propria persona for resentencing pursuant to section 1172.75. On March 3, 2023, the trial court summarily denied the petition.[3]

---

[3] "Senate Bill No. 483 [(2021–2022)] added former section 1171.1, now renumbered section 1172.75, which provides that '[a]ny sentence enhancement that was

3.

**Resentencing**

On December 11, 2023, the trial court convened a hearing and stated the California Department of Corrections and Rehabilitation (CDCR) had identified appellant as being eligible for resentencing under section 1172.75 because his sentence included two now-invalid prior prison term enhancements. The court appointed counsel. Both parties filed briefs as to whether the court should further reduce appellant's sentence.

On September 18, 2024, the trial court dismissed the two prior prison term enhancements and conducted a full resentencing hearing. After hearing the parties' arguments, the court dismissed the 15-year term imposed for the three prior serious felony enhancements, declined to dismiss the prior strike convictions, and resentenced appellant to the third strike term of 25 years to life. The court suspended all remaining balances for previously imposed fines and fees.

On November 8, 2024, appellant filed a timely notice of appeal.

## DISCUSSION

As noted above, appellate counsel filed a *Wende* brief with this court. The brief also includes counsel's declaration that appellant was advised he could file his own brief with this court. On November 12, 2025, this court advised appellant by letter that he could file a supplemental letter or brief raising any arguable issues. Appellant did not do so.

---

imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense ... is legally invalid.' [Citation.] Senate Bill No. 483 also provides a process for recall of sentences rendered invalid by Senate Bill No. 483 and resentencing of affected defendants." (*People v. Cota* (2023) 97 Cal.App.5th 318, 330.)

"[S]ection 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition. Rather the process is triggered by the [CDRC] identifying a defendant as a person serving a sentence that includes a prior prison term enhancement." (*People v. Cota*, *supra*, 97 Cal.App.5th at p. 332.)

4.

After independent review of the record, we find no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.